UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELOISE S. HARRIS, et al.,

    *Plaintiffs*,

v.

STATE OF LOUISIANA, et al.,

    *Defendants*.

Civil Action No. 1:25-01733 (UNA)

## MEMORANDUM OPINION

This matter, filed by Plaintiffs Eloise S. Harris and Preston L. Scarbrough, is currently before the Court on their Applications for Leave to Proceed *in forma pauperis* ("IFP App."), ECF Nos. 2, 3, and their *pro se* Complaint, ECF No. 1 ("Compl."). The Court grants their IFP Applications, and for the reasons explained below, dismisses this case without prejudice.

Harris appears to reside in Louisiana, although she only provides a P.O. Box address in contravention of D.C. Local Civil Rule 5.1(c)(1), and Scarbrough resides in Louisiana. *See* Compl. at 1. They sue the State of Louisiana, Louisiana's South Central Planning & Development Commission and the City of Houma Consolidated Government. *Id*. The allegations are limited to a single paragraph that amalgamates vague references to oaths of office and federal statutes, the international court of justice, a license plate, and an alleged conspiracy. *See id*. at 1, 4. No other supporting details or context is provided, and the relief sought is unclear. The remainder of the Complaint consists of unexplained exhibits. *See id.* at 5–13; *see also* D.C. LCvR 5.1(e), (g).

While "a *pro se* litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers[,]" it still must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Here, Plaintiffs' Complaint fails to comply with Rule

8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiffs' allegations cannot be described as clear and direct, *see* Fed. R. Civ. P. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (citation and internal quotation marks omitted), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiffs' Complaint falls squarely into this category, failing to provide the Court or Defendants with adequate notice of a claim, and falling well short of establishing the Court's subject matter jurisdiction.

Moreover, the Court notes that this matter presents no connection to the District of Columbia whatsoever. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial

part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). All of the Defendants are located in Louisiana, the events giving rise to this case appear to have occurred there, and as pleaded, this action presents no connection to the District of Columbia.

Accordingly, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: October 9, 2025

CARL J. NICHOLS
United States District Judge